UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEXTER SALLIS a/k/a DERRICK SALLIS,

    Plaintiff,

  v.                                Case No. 11-C-780

NANCY EVANS, DAVID A. CLARKE, JR.
(sued as DAVID CLARK), and LIEUTENANT BACON,

    Defendants.

**ORDER**

Plaintiff Sallis, proceeding pro se, seeks to bring this civil rights action on behalf of himself under 42 U.S.C. § 1983. Sallis is currently incarcerated at the Dodge Correctional Facility. He alleges in his complaint that his civil rights were violated by the conditions to which he was subjected during a lockdown while he was incarcerated at the Milwaukee County Correctional Facility.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of

twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

After he filed his complaint, Sallis filed a certified copy of his prison trust account statement, Docket 6, at this court's request, Docket 4. He arrived at Dodge Correctional on August 17, 2011 and thus his statement does not reflect the past six months. He has also filed the required affidavit of indigence. It appears that he lacks the funds to pay an initial partial filing fee, and so the initial filing fee will be waived. 28 U.S.C. § 1915(b)(4). Leave to proceed *in forma pauperis* therefore will be GRANTED, but he will be required to pay the full filing fee over time.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

*Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The crux of Plaintiff's complaint is that on July 28 and again on July 29, 2011, a fight occurred between inmates in the dorm and as a result the entire unit was placed on lockdown for seven days. (Compl. at 2–3.) This meant "no phones, no visits, no religious meetings, no law library, no recreation, 1 person in the restroom at a time, (out of 70 inmates), and no television or games." (Compl. ¶ A.2.) According to Plaintiff, this lockdown violated the Eighth Amendment's prohibition against cruel and unusual punishment because the unit was punished (placed on lockdown) for the actions of others (the two individuals involved in the fight). Plaintiff specifically alleges he could not use his phone to make an "urgent" phone call to his lawyer, that he could not telephone his family in case of an emergency, that he was denied use of the law library, that he could not receive visitors, that he could not go to recreation for exercise, and that he could not immediately use the restroom when needed. (Compl. at 6.)

3

Plaintiff's complaint fails to state a claim under the Eighth Amendment. The conditions described do not amount to cruel and unusual punishment within as that term has been defined by the Supreme Court. To constitute cruel and unusual punishment, the conditions must be "sufficiently serious" so that "a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The relatively brief denial of access to religious services, the law library, and exercise yard, even when combined with the loss of phone, visitation, television and game privileges are not a denial of life's basic necessities. Restrictions on use of a bathroom could amount to such a deprivation, but there is no allegation that the limitation posed any hardship other than inconvenience. The complaint therefore fails to state an Eighth Amendment claim.

Plaintiff's complaint also suggests a due process claim. He alleges that he and other inmates were unconstitutionally punished for the behavior of others. A prison lockdown instituted out of concerns for safety and facility security generally does not give rise to a due process claim on the part of affected inmates unless the conditions imposed implicate a constitutionally protected liberty interest. *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996). Prisoners do not shed all constitutional rights at the prison gate, *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974), but "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 125 (1977) (quoting *Price v. Johnston*, 334 U.S. 266, 285 (1948)). A prison inmate has a liberty interest protected by due process clause when prison officials restrain his freedom in manner that imposes atypical and significant hardship on

4

the inmate in relation to the ordinary incidents of prison life. *Thomas v. Ramos*, 130 F.3d 754, 760 (7th Cir. 1997) (citing *Sandin v. Conner*, 515 U.S. 472, 485 (1995)).

Even with a liberal construction of Plaintiff's pleadings, I cannot conclude the lockdown affected Plaintiff's liberty interests beyond the expected perimeters inherent in prison time. Little more is alleged other than that a seven-day lockdown took place at a correctional facility. Furthermore, Plaintiff does not allege he was actually harmed by the lockdown. For example, Plaintiff asserts he could not make a phone call to his lawyer, but does not indicate there were any negative repercussions from this. He claims he could not use the bathroom immediately when needed but does not assert he suffered any harm, medical or otherwise, from having to wait. Most significantly, these minor limitations were only in place for seven days, a very short duration. Consequently, I cannot say Plaintiff has set forth a cognizable constitutional claim under the Eighth Amendment. Because plaintiff's complaint fails to set forth cognizable constitutional or federal claims, the action will be dismissed.

**THEREFORE, IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $350 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

5

**IT IS ORDERED** that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1)for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this   30th   day of September, 2011.

                                                                     s/ William C. Griesbach
                                                                       William C. Griesbach
                                                                       United States District Judge